## FOURTH DEPARTMENT, MARCH, 1975

### (March 6, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BYRON SLABY, Appellant, v. ERIE COUNTY COURT et al., Respondents.— Application unanimously granted, without costs, in accordance with the following memorandum: In this article 78 proceeding petitioner seeks an order prohibiting County Court and City Court from reconsidering the merits of City Court's order, which the District Attorney did not appeal, granting petitioner a writ of error *coram nobis* and resentencing petitioner with respect to earlier convictions for the purposes of appeal, and further seeks an order compelling County Court to entertain petitioner's appeal from the earlier convictions. Where the District Attorney has not appealed from an order granting a defendant a writ of error *coram nobis* and resentencing defendant with respect to an earlier conviction for the purposes of appeal, the propriety of that order cannot be reviewed upon defendant's subsequent appeal from the conviction (*People* v. *Auth*, 43 A D 2d 790; *People* v. *Jackson,* 36 A D 2d 1008). Thus County Court's use of petitioner's appeal from the reentered 1969 convictions as a vehicle for reviewing City Court's order of resentencing, which had not been appealed by the District Attorney, was an unlawful use of the proceeding, and an article 78 proceeding in the nature of prohibition therefore lies (*Matter of People* v. *King,* 36 N Y 2d —). Similarly, since City Court's order directing further hearings on the issues previously determined by it in the *coram nobis* proceeding was based upon County Court's order, it too is subject to the extraordinary remedy of prohibition. County Court, having no authority to review the merits of the *coram nobis* proceeding, must entertain petitioner's appeal from the earlier convictions. (Article 78 proceeding to prohibit enforcement of order.) Present — Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.